**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRIAN TOTIN,

          Plaintiff,

          - against -

ALLAN GEWURTZ, AMGA REALTY
CORP., BRACHA NY LLC dba KELLER
WILLIAMS NYC, BRACHA NY 1 LLC dba
KELLER WILLIAMS NYC, and KELLER
WILLIAMS REALTY, INC.,

          Defendants.

Civil Action No.  16-cv-7863

**ANSWER, AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIMS**

Defendants Allan Gewurtz ("Gewurtz"), AMGA Realty Corp. ("AMGA"), Bracha NY

LLC dba Keller Williams NYC, and Bracha NY 1 LLC dba Keller Williams NYC (collectively,

the "KWNY Defendants"),  by and through their undersigned counsel Sheppard Mullin Richter

& Hampton LLP, hereby answer the October 6, 2016 Complaint (the "Complaint") filed by

Plaintiff Brian Totin ("Totin") as follows:[1]

## ANSWER

1.      The allegations in Paragraph 1 of the Complaint consist of legal conclusions to

which no response is required.  To the extent Paragraph 1 of the Complaint contains factual

allegations, the KWNY Defendants admit that the Complaint purports to be a civil action for

copyright infringement but deny in engaging in the same.  The KWNY Defendants lack

knowledge or information sufficient to form a belief concerning the truth of the allegations

contained in Paragraph 1 of the Complaint, and on that basis deny the allegations of this

Paragraph.

---

[1] Pursuant to this Court's Individual Practices, Defendant Keller Williams Realty, Inc. has filed a pre-motion letter
requesting a pre-motion conference and leave to file a motion to dismiss the claims against it.

2.      The allegations in Paragraph 2 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 2 of the Complaint contains factual allegations, the KWNY Defendants deny each and every allegation.

3.      The allegations in Paragraph 3 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 3 of the Complaint contains factual allegations, the KWNY Defendants deny each and every allegation.

4.      The allegations in Paragraph 4 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 4 of the Complaint contains factual allegations, the KWNY Defendants deny each and every allegation.

5.      The allegations in Paragraph 5 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 5 of the Complaint contains factual allegations, the KWNY Defendants deny each and every allegation.

6.      The KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 6, and on that basis deny the allegations of this Paragraph.

7.      Gewurtz admits he is a resident of New York County.  Gewurtz admits that he is a licensed associate real estate broker and salesperson associated with Keller Williams NYC. Gewurtz admits that he is the sole shareholder of AMGA.  Except as expressly admitted, the KWNY Defendants deny the allegations of this Paragraph.

8.      AMGA admits it is a corporation organized under the laws of the State of New York.  Except as expressly admitted, the KWNY Defendants deny the allegations of this Paragraph.

9.      Bracha NY LLC, and Bracha NY 1 LLC (collectively "KWNY") admit they are limited liability companies organized under the laws of the State of New York that do business as Keller Williams NYC.  KWNY admit that they are licensed real estate brokers.  Except as expressly admitted, the KWNY Defendants deny the allegations of this Paragraph.

10.     The KWNY Defendants admit, upon information and belief, that Keller Williams Realty, Inc. is a corporation organized under the laws of the State of Texas.  The KWNY Defendants admit that KWNY is a franchisee of Keller Williams Realty, Inc.  Except as expressly admitted, the KWNY Defendants deny the allegations of this Paragraph.

11.     The allegations in Paragraph 11 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 11 of the Complaint contains factual allegations, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis deny the allegations of this Paragraph.

12.     The KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis deny the allegations of this Paragraph.

13.     The allegations in Paragraph 13 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 13 of the Complaint contains factual allegations, the KWNY Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 14 of the Complaint contains factual allegations, the KWNY Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     The KWNY Defendants admit that between April 25, 2016 and August 3, 2016, Gewurtz published photographs (the "Photographs") of apartments located at 510 West 135th Street #9, 2126 Frederick Douglass Boulevard #4, 562 West 173rd Street #1, and 280 West 115th Street #1 (the "Apartments") to the website http://www.kwnyc.com, however, use of the Photographs was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license, and invalidity of any purported copyright in the Photographs. The KWNY Defendants aver that beginning in or around 2010, while Gewurtz was affiliated with Citi Habitats ("Citi"), Gewurtz was retained by Andrick Management to be the sole exclusive agent for all of its properties, including the Apartments.  After renting multiple units for Andrick Management, Gewurtz determined that he needed assistance to manage all of the Andrick Management properties so Gewurtz enlisted Totin, who was then and still is affiliated with Citi, as an equal partner with respect to the Andrick Management properties.  Beginning in or around 2010 Gewurtz and Totin began to market and lease the Andrick Management properties as partners (the "Partnership").  In connection with those marketing activities, Gewurtz and Totin each took photographs of the Andrick Management properties, as necessary, for use in connection with advertising and listing those properties for rent.  The Photographs were created by the Partnership for use in connection with the marketing of the Apartments, and Totin maintains no rights or interests in the Photographs.  Except as expressly admitted or averred, the KWNY Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied

license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15. Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis deny the allegations of this Paragraph.

17.    The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15. Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis deny the allegations of this Paragraph.

18.    The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15. Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis deny the allegations of this Paragraph.

19.    The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was

permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis deny the allegations of this Paragraph.

20.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 20 of the Complaint, and on that basis deny the allegations of this Paragraph.

21.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 21 of the Complaint, and on that basis deny the allegations of this Paragraph.

22.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis deny the allegations of this Paragraph.

23.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 23 of the Complaint, and on that basis deny the allegations of this Paragraph.

24.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the

truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis deny the allegations of this Paragraph.

25.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 25 of the Complaint, and on that basis deny the allegations of this Paragraph.

26.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 26 of the Complaint, and on that basis deny the allegations of this Paragraph.

27.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred,

the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis deny the allegations of this Paragraph.

28.    The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 28 of the Complaint, and on that basis deny the allegations of this Paragraph.

29.    The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 29 of the Complaint, and on that basis deny the allegations of this Paragraph.

30.    The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth

above in response to the allegations of Paragraph 15. Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 30 of the Complaint, and on that basis deny the allegations of this Paragraph.

31. The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15. Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 31 of the Complaint, and on that basis deny the allegations of this Paragraph.

32. The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15. Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 32 of the Complaint, and on that basis deny the allegations of this Paragraph.

33. The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied

license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 33 of the Complaint, and on that basis deny the allegations of this Paragraph.

34.     The KWNY Defendants admit that Gewurtz used an automatic listing service to publish listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 34 of the Complaint, and on that basis deny the allegations of this Paragraph.

35.     The KWNY Defendants admit that Gewurtz used an automatic listing service that published listings for the Apartments, however, any use of the Photographs in those listings was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license, and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 35 of the Complaint, and on that basis deny the allegations of this Paragraph.

36.     The KWNY Defendants admit that Gewurtz used an automatic listing service that published listings for the Apartments, however, any use of the Photographs in those listings was

permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license, and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15.  Except as expressly admitted or averred, the KWNY Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 36 of the Complaint, and on that basis deny the allegations of this Paragraph.

37.     The allegations in Paragraph 37 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 37 of the Complaint contains factual allegations, the KWNY Defendants aver that any use of the Photographs described in Paragraphs 15 through 36 of this Answer was permitted and authorized on several grounds, including estoppel, waiver, express and/or implied license, and invalidity of any purported copyright in the Photographs for the reasons set forth above in response to the allegations of Paragraph 15, and denies the allegations contained in Paragraph 37 of the Complaint.

38.     The allegations in Paragraph 38 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 38 of the Complaint contains factual allegations, the KWNY Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     The KWNY Defendants incorporate by reference each response to the allegations in Paragraphs 1 through 38 of the Complaint.

40.     The allegations in Paragraph 40 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 40 of the Complaint contains factual allegations, the KWNY Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 41 of the Complaint contains factual allegations, the KWNY Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 42 of the Complaint contains factual allegations, the KWNY Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     The KWNY Defendants incorporate by reference each response to the allegations in Paragraphs 1 through 42 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 44 of the Complaint contains factual allegations, the KWNY Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 45 of the Complaint contains factual allegations, the KWNY Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 46 of the Complaint contains factual allegations, the KWNY Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     The KWNY Defendants incorporate by reference each response to the allegations in Paragraphs 1 through 46 of the Complaint.

48.     The Complaint as filed and provided to the KWNY Defendants does not include any allegations after paragraph 47.  The Complaint as provided to the KWNY Defendants appears to be missing page 31.  To the extent the missing Paragraphs of the Complaint contain factual allegations, the KWNY Defendants lack knowledge or information sufficient to form a

belief concerning the truth of the allegations contained in those Paragraphs of the Complaint, and

on that basis deny any allegations in those Paragraphs.

49.    The Complaint as filed does not include any Prayer for Relief.  The Complaint as

provided to the KWNY Defendants does not contain the portion of the Prayer for Relief

contained on the missing page 31.  The allegations in the Prayer for Relief consist of legal

conclusions to which no response is required.  To the extent the Prayer for Relief contains factual

allegations, the KWNY Defendants deny the allegations contained therein.


## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, and to each of Totin's alleged claims

for relief, the KWNY Defendants, without conceding that they bear the burden of proof as to any

of these defenses and without admitting any of the allegations of the Complaint, alleges as

follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

Totin's claims are essentially fabricated and are part and parcel of Totin's prolonged

personal vendetta against Gewurtz, which has included harassment, stalking and threats of

physical violence by Totin.  In or around November 2015, the working relationship between

Gewurtz and Totin began to deteriorate.  This culminated with Totin threatening to kill Gewurtz

and Gewurtz's family.

As a result of Totin's threatening behavior, which Gewurtz reported to management at

Citi and which management ignored, Gewurtz ended his affiliation with Citi and became

affiliated with KWNY.  The Andrick Management properties were divided between Gewurtz and

Totin, with each acting as sole exclusive agent for approximately seven buildings.  The division

of the properties included all rights and interests to the Photographs, which passed to Gewurtz as the sole exclusive agent for the Apartments that are the subject of the Photographs.  Totin has no rights or interests in the Photographs.

Since Gewurtz ended his affiliation with Citi and became affiliated with KWNY, Totin's menacing behavior has continued.  Totin has surveilled and followed Gewurtz over the last six months, frequently peeking into Gewurtz's offices on several occasions.  Totin has also filed multiple baseless complaints against Gewurtz with the New York State Division of Licensing Services.  This lawsuit is just another component of Totin's harassing behavior with respect to Gewurtz and should be dismissed.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The Complaint fails to state a claim upon which relief may be granted.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Totin's claims for relief are barred by the doctrine of estoppel.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Totin's claims for relief are barred by the doctrine of waiver.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Totin's claims for relief are barred on the ground that his copyright is invalid.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Totin's claims for relief are barred because Gewurtz and the KWNY Defendants were expressly granted a license and/or permission to use the Photographs.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Totin's claims for relief are barred because Gewurtz and the KWNY Defendants were implicitly granted a license and/or permission to use the Photographs.

### EIGHTH AFFIRMATIVE DEFENSE

Totin's claims for relief are barred on the grounds that he lacked copyright in the Photographs claimed to be copyrighted.

### NINTH AFFIRMATIVE DEFENSE

Totin's claims for relief are barred on the grounds that the Photographs lack sufficient creativity or originality to qualify for protection under the Copyright Act.

### TENTH AFFIRMATIVE DEFENSE

Totin's claims for relief are barred by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Totin's claims for relief are barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Totin's claims for relief are barred, in whole or in part, by his failure to mitigate damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Totin lacks standing to assert the claims alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Totin's claims for relief are barred by the doctrine of fair use.

### FIFTEENTH AFFIRMATIVE DEFENSE

Totin's claims for relief are barred by the doctrine of permissive use.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that the KWNY Defendants are liable to Totin for infringement of any valid copyright, such infringement was innocent and not willful.  The KWNY Defendants acted in good faith at all times referred to in the Complaint.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

Totin is not entitled to recover statutory damages or any award of fees and costs.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

Totin's request for injunctive relief is moot.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

The KWNY Defendants reserve the right to assert additional affirmative defenses.

## COUNTERCLAIMS

As and for their Counterclaim against Brian Totin, the KWNY Defendants, by and through their undersigned counsel Sheppard Mullin Richter & Hampton, hereby allege as follows:

## PARTIES

1.     Gewurtz is an individual and citizen of the State of New York, residing in New York County.

2.     AMGA is a corporation duly organized and existing under the laws of the State of New York.

3.     KWNY are limited liability companies duly organized and existing under the laws of the State of New York.  KWNY do business as Keller Williams NYC.

4.     Upon information and belief, Totin is an individual and citizen of the State of New York, residing in New York County.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1367.

6.     Venue is proper under 28 U.S.C. § 1391(b).

**FACTS**

7.      Beginning in or around 2010, Gewurtz was retained by Andrick Management to be the sole exclusive agent for all of its properties, including the Apartments.

8.      After renting multiple units for Andrick Management, Gewurtz determined that he needed assistance to manage all of the Andrick Management properties so Gewurtz enlisted Totin as an equal partner with respect to the Andrick Management properties.

9.      Beginning in or around 2010 Gewurtz and Totin began to market and lease the Andrick Management properties as partners and thereafter operated as the Partnership.

10.      In connection with their marketing activities, Gewurtz and Totin each took photographs of the Andrick Management properties, as necessary, for use in connection with advertising and listing those properties for rent.

11.      The Photographs were created by the Partnership for use in connection with the marketing of the Apartments.  At the time they were taken, the rights and interests in the Photographs belonged to the Partnership.

12.      In or around November 2015, the working relationship between Gewurtz and Totin began to deteriorate.  This culminated with Totin threatening to kill Gewurtz and Gewurtz's family.

13.      As a result of Totin's threatening behavior, which Gewurtz reported to management at Citi and which management ignored, Gewurtz ended his affiliation with Citi and became affiliated with KWNY.  The Andrick Management properties were divided between Gewurtz and Totin, with each acting as sole exclusive agent for approximately seven buildings. The division of the properties included all rights and interests to the Photographs, which passed

to Gewurtz as the sole exclusive agent for the Apartments that are the subject of the Photographs. Totin has no rights or interests in the Photographs.

14.    Upon information and belief, on or about April 20, 2016 Totin purported to register the Photographs with the United States Copyright Office, Registration Number VA 2-018-854 (the "Copyright Registration").

15.    As set forth above, Totin has no rights or interests in the Photographs and Copyright Registration is invalid.

## FIRST CLAIM FOR RELIEF
### (Invalidity of Copyright)

16.    The KWNY Defendants reallege and incorporate the allegations set forth in paragraphs 1 through 15 above as if set forth herein.

17.    This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act").  As an actual justiciable controversy exists by way of the litigation filed by Totin, the KWNY Defendants seek relief from this Court.

18.    The KWNY Defendants request an order declaring that the alleged copyright(s) asserted by Totin in the Photographs are invalid and unenforceable for, *inter alia*, the following not all-inclusive reasons:

> (a)    lack of ownership by Totin in any rights or interest in the Photographs; and

> (b)    an absence of sufficient creativity and originality to be entitled to copyright protection or registration.

## SECOND CLAIM FOR RELIEF
### (Non-Infringement of Copyright)

19.    The KWNY Defendants reallege and incorporate the allegations set forth in paragraphs 1 through 18 above as if set forth herein.

20.    This is a declaratory judgment action under the Copyright Act and the Declaratory Judgment Act.  As an actual justiciable controversy exists by way of the litigation filed by Totin, the KWNY Defendants seek relief from this Court.

21.    The KWNY Defendants are entitled to declaratory judgment that they are not infringing, have not infringed, and are not liable for infringing any valid copyright that may be owned by Totin relating to the Photographs, either directly or by inducing others to infringe or by contributing to infringement by others, on, *inter alia*, the following not all-inclusive reasons:

    (a)    the KWNY Defendants maintain an express and/or implied license to use the Photographs;

    (b)    Gewurtz and/or the Partnership maintain all rights and interests in the Photographs, including any copyright therein;

    (c)    Totin is estopped from asserting any claim for copyright in the Photographs with respect to the KWNY Defendants; and

    (d)    Totin has waived any claim for copyright in the Photographs with respect to the KWNY Defendants.

WHEREFORE, based on the foregoing responses, affirmative defenses and counterclaims, the KWNY Defendants request the following relief:

(a)     judgment dismissing the Complaint in its entirety;

(b)     an order granting the KWNY Defendants any costs or attorneys' fees incurred in connection with defending and/or prosecuting this action;

(c)     an order declaring that the copyright(s) asserted by Totin in the Photographs, including, but not limited to, the Copyright Registration, are invalid and unenforceable;

(d)     an order declaring that the KWNY Defendants do not infringe any valid copyright owned by Totin relating to the Photographs; and

(e)     an order awarding such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        January 5, 2017

                              Respectfully submitted,

                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                              By:   /s/ Robert S. Friedman
                                      Robert S. Friedman
                                      Thomas M. Monahan
                                   30 Rockefeller Plaza
                                   New York, New York  10112
                                   Telephone:  (212) 653-8700

                                   *Attorneys for the KWNY Defendants*