**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
212.653.8701 main fax
www.sheppardmullin.com

Robert S. Friedman
212.634.3058 direct
rfriedman@sheppardmullin.com

January 5, 2017

**VIA ECF AND FEDERAL EXPRESS**

Hon. William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Brian Totin v. Allan Gewurtz et al., 16-CV-7863</u>

Dear Judge Pauley:

We represent defendant Keller Williams Realty, Inc. ("Keller Williams") in this matter and write pursuant to Your Honor's Individual Practices to request a pre-motion conference regarding Keller Williams' anticipated motion to dismiss.

## Summary of Argument

Keller Williams intends to move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Keller Williams is entitled to dismissal because Plaintiff fails to allege any facts to support his claims against Keller Williams. The sole basis for Plaintiff's claims against Keller Williams is Keller Williams' relationship to certain of the other defendants in this action. Keller Williams is merely a franchisor to its franchisee, defendants Bracha NY LLC and Bracha NY 1 LLC (the "Franchisee Defendants"). Keller Williams has no legal relationship or affiliation with defendants Allan Gewurtz ("Gewurtz") and AMGA Realty Corp. ("AMGA"). Gewurtz is an independent contractor for the Franchisee Defendants. As Plaintiff has not alleged any facts to support his claims against Keller Williams, those claims should be dismissed. In addition, Keller Williams, a Texas corporation, based in Austin, is not subject to personal jurisdiction in the Southern District of New York and the claims against it should be dismissed pursuant to Rule 12(b)(2).

## Alleged Facts and Procedural History

Keller Williams is an international real estate franchise company that began franchising in 1991, and currently has over 790 independently-owned franchisee offices across the globe, with almost 700 franchises in North America. The Franchisee Defendants operate a New York-based franchise office of Keller Williams. Gewurtz is a licensed real estate broker and an independent contractor for the Franchisee Defendants' New York franchise office. On October 7, 2016, Plaintiff filed a summons and complaint (the "Complaint") in this Court alleging that between April 25, 2016 and August 3, 2016, Gewurtz created several apartment rental listings on the website owned and operated by Franchisee Defendants, kwnyc.com. Plaintiff further alleges that he owns the copyrights to certain photographs contained in those listings, and that

# SheppardMullin

Hon. William H. Pauley
January 5, 2017
Page 2

publication of the photographs constituted copyright infringement. Gewurtz, AMGA and the Franchisee Defendants deny the allegations and are filing answers, affirmative defenses and counterclaims. Plaintiff does not specifically ascribe any involvement by Keller Williams in the publication of the photographs. Instead, Plaintiff appears to base his claims against Keller Williams on its relationship with the Franchisee Defendants, by generally alleging that Keller Williams derived profits from the alleged copyright infringement through franchise fees. Plaintiff does not allege any facts to support this allegation.

### Keller Williams Is Not Subject To Personal Jurisdiction In This Action

Keller Williams is a Texas corporation with its corporate headquarters located in Austin, Texas. The only allegations in the Complaint with respect to any actual conduct by Keller Williams are that Keller Williams is the franchisor of the Franchisee Defendants and that Keller Williams allegedly received franchise fees from the Franchisee Defendants and thereby derived profit from the alleged copyright infringement.

These allegations fail to satisfy Plaintiff's burden of establishing jurisdiction over Keller Williams. Keller Williams' slim contacts with New York do not subject it to general jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760-62 (2014); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 626-30 (2d Cir. 2016). When alleging that personal jurisdiction exists based on transaction of business in New York "it is the quality of the defendant['s] New York contacts that is the primary consideration when determining whether jurisdiction is appropriate." *DH Servs., LLC v. Positive Impact, Inc.*, 2014 WL 496875, at *3 (S.D.N.Y. Feb. 5, 2014) (internal quotations omitted). With regard to the franchisor-franchisee relationship, "New York courts have generally confirmed that absent other circumstances and business activities which tie a franchisor to New York for purposes of the cause of action, the fact that a franchisor licenses franchisees that operate in New York State will not subject the franchisor to personal jurisdiction in New York." *Fischer v. Enter. Rent-A-Car Co.*, 1996 WL 251426, at *3 (E.D.N.Y. Apr. 24, 1996). Indeed, New York courts have found that there is no specific personal jurisdiction over a non-domiciliary franchisor when the franchisor does not have sufficient other business contacts with New York state. *DelBello v. Japanese Steak House, Inc.*, 352 N.Y.S.2d 537, 540 (4th Dep't 1974).

Plaintiff's Complaint contains only a vague and conclusory allegation that Keller Williams "conducts continuous, systematic, and routine business" in New York. (Complaint, ¶10.) This is not sufficient to support jurisdiction over Keller Williams.

### Plaintiff Alleges No Facts Allegations That Subject Keller Williams To Liability For The Conduct Of The Franchisee Defendants

In order to survive a motion to dismiss where a plaintiff alleges that a Franchisor is liable indirectly for the actions of its Franchisee, the plaintiff must allege that a franchise agreement exists between the two and that the agreement grants to the Franchisor meaningful control over the day-to-day activities of the Franchisee. *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 408 (S.D.N.Y. 2013). Further, the plaintiff must allege that the Franchisor exercised that meaningful control with respect to the conduct at issue. *Id.* Even where a plaintiff alleges direct liability of a franchisor for conduct of a franchisee, the plaintiff

# SheppardMullin

Hon. William H. Pauley
January 5, 2017
Page 3

must allege that the franchisor has actual control or a retained right of control over the daily activities of the franchisee. *Cha v. Hooters of Am., LLC*, 2013 WL 5532745, at *4 (E.D.N.Y. Sept. 30, 2013).

Plaintiff has made none of the specific allegations necessary to subject Keller Williams to liability for the actions of the Franchisee Defendants. The only specific allegation against Keller Williams in this case is that Keller Williams derived profit from the alleged copyright infringement through franchise fees. Plaintiff does not allege the existence of a franchise agreement that would allow Keller Williams to exercise meaningful control over the Franchisee Defendants. Plaintiff has also failed to allege that Keller Williams had any significant control of the day-to-day activities of the Franchisee Defendants, or that they exercised any control with respect to the conduct at issue (the alleged publication of the photographs). Where a plaintiff fails to specifically allege the existence of meaningful control exercised with particular respect to the alleged unlawful conduct, the omissions are fatal to a claim of indirect liability on the part of a franchisor. *Nat'l Gear & Piston, Inc.* 975 F. Supp. 2d at 409. These omissions also would be fatal to a claim of direct liability of the franchisor, as that also requires the allegation of actual control over the franchisee. *Cha*, 2013 WL 5532745 at *4. As Plaintiff has failed to adequately plead a claim against Keller Williams under either a vicarious or direct theory of liability, Plaintiff's claims must be dismissed with respect to Keller Williams.

## Conclusion

Plaintiff has made no allegations that Keller Williams had the right to exercise or exercised significant control over the daily operations of the Franchisee Defendants. Plaintiff has also failed to make any allegations that Keller Williams exercised control in relation to the conduct at issue. The claim against Keller Williams is based solely on the existence of its franchisor-franchisee relationship with the Franchise Defendants. That claim fails as a matter of law. For this reason, Keller Williams respectfully requests leave to file a motion to dismiss the claims against it.

Respectfully submitted,

Robert S. Friedman
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


cc:   Brian Totin (*via electronic mail*)